**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23067-CV-WILLIAMS**

SANTIAGO PERAZA,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.
_______________________________/

# ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Santiago Peraza ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials.[1] (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 7.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[2]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on May 19, 1980. (DE 8 at 1 citing (DE 8-2, Ex. A at 1).)

---

[1] Although Petitioner was transferred from Krome during the pendency of this action, due to brush fires, as of June 30, 2026, it appears that Petitioner has since been returned to Krome where he remains confined. (DE 12); *see also* https://locator.ice.gov/odls/#/search.

[2] *See* page 5.

On November 7, 1986, Petitioner was convicted for possession of cocaine in the 16th Judicial Circuit in and for St. Mary Parish, Louisianna. (*Id.* at 2 citing (DE 8-2, Ex. A at 1).)

On August 7, 1989, an immigration judge ("***IJ***") entered an Order finding Petitioner removable and ordered him removed. (*Id.* at 2 citing (DE 8-3, Ex. B at 1).) No appeal of the Order was filed and the Order is now final. (DE 8-5, Ex. D at 1.) Sometime thereafter, Respondent states Petitioner was released from custody. (DE 8 at 2 citing (DE 8-6, Ex. E at 1–2)); *see also* (DE 8-4, Ex. C at 2.)

On November 25, 2025, Petitioner was encountered by immigration officials at Miami, Florida, when he reported to the immigration office as directed by Immigration and Customs Enforcement ("***ICE***"). (*Id.* citing (DE 8-4, Ex. C at 2).) On that same date, Petitioner was served with a notice revoking his OSUP and taken into ICE custody pending removal proceedings. (*Id.* citing (DE 8-5, Ex. D at 2–3).)

Petitioner has remained in immigration custody since November 25, 2025. (*Id.* at 2); *see also* (DE 1.) On April 23, 2026, Petitioner filed the Petition before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1 at 8–9).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends

to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 8.) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

Under In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in **August 1989**. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since he was taken into custody on **November 25, 2025**. On **April 23, 2026**, the Petition was filed. Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition **immediately** seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. The Court's Order (DE 3) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Santiago Peraza, *Pro Se***
Alien #022778286
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Address of Record)

**Santiago Peraza, *Pro Se***
Alien #022778286
Glades County Detention Center
Inmate Mail/Parcels
1297 E. SR 78
Moore Haven, FL 33471
(Temporary Address per (DE 12))

**Kimberly Montgomery, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email: Kimberly.Montgomery@usdoj.gov